**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**
------------------------------------------------------------X    Civil Action No. 26-cv-00702-KSH-CF

CHARITA EASTER-FETOR,

                        Plaintiff,

      -against-


OPTION CARE HEALTH, LLC,

                        Defendant.
------------------------------------------------------------X

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## THE DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

---

Robert Salaman, Esq.
AKIN LAW GROUP PLLC
45 Broadway, Suite 1420
New York, New York 10006
(212) 825-1400
Rob@akinlaws.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT……………………………………………………....…....1

STATEMENT OF FACTS …………………………………………………………….......1

LEGAL ARGUMENT……………………………………………………………...…2

    I.      PLAINTIFF PLEADED SUFFICIENT FACTS TO ESTABLISH CEPA
            CLAIM……………………………………………………………………....2

           A.  Plaintiff Has Identified that Defendant Violated the Specific Law………………3

           B.  Defendant's Motion Must Be Denied, Because It Ignores 1990 Amendments to
               CEPA Allowing Plaintiff to Sue Under Both, CEPA and LAD…………………..4

           C.  CEPA Waiver Does Not Apply to Pleading Stage……………………………..5

           D.  Complaint Sufficiently Establishes the Requisite Causal Connection Between
               Protected Activity and Adverse Employment Action………………………….6

    II.     PLAINTIFF SUFFICIENTLY PLEADED VIOLATION OF FLSA AND
            NJWHL……………………………………………………………………….9

CONCLUSION…………………………………………………………………...….…11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aman v. Cort Furniture Rental Corp.*,
    85 F.3d 1074, 1083 (3ʳᵈ Cir. 1996)…………………………………………………..6

*Battaglia v. United Parcel Service, Inc.*,
    214 N.J. 518, 526 (2013) …………………………………………………………7

*Berridge v. Nalco Co.*,
    2014 U.S. Dist. LEXIS 11409, *28 (N.J. Dist. Ct. January 30, 2014)…………………8

*Dahroug v. Chi. Bridge & Iron Co.*,
    2022 U.S. Dist. LEXIS 109338, *9-10 (N.J. Dist. Ct. 2022)…………………………..3

*Davis v. Abington Mem. Hosp.*,
    765 F.3d 236, 243 (3rd Cir. 2013)…………………………………………………..9

*Gares v. Willingboro Twp.*,
    90 F.3d 720, 726 (3rd Cir. 1996)……………………………………………………….4

*Hitesman v. Bridgeway, Inc.*,
    218 N.J. 8, 14 (2014)………………………………………………………………3

*Kaynaroglu v. Avis Budget Grp., Inc.*,
    773 F. Supp. 3d 169, 183 (N.J. Dist. Ct. March 27, 2025)……………………………..9

*Klein v. University of Medicine and Dentistry of New Jersey*,
    377 N.J. Super. 28, 44 (Sup. Ct. App. Div. 2005)……………………………………8

*Kolb v. Burns*,
    320 N.J. Super. 467, 476 (St. Ct. Appl. Div. 1999)…………………………………….4

*Lippman v. Ethicon, Inc.*,
    222 N.J. 362, 365 (2015)…………………………………………………………..2

*Martin v. Selker Bros., Inc.*,
    949 F.2d 1286, 1296 (3d Cir. 1991)…………………………………………………10

*Massarano v. New Jersey Transit*,
    400 N.J. Super. 474, 491 (Sup. Ct. App. Div. 2008)…………………………………7

*Maw v. Advanced Clinical Communs., Inc.*,

179 N.J. 439, 443 (2004)……………………………………………………………………4

*Nelson v. Indegene, Inc.*,
2025 U.S. Dist. LEXIS 219798, *19 (N.J. Dist. Ct. November 6, 2025)…………………5

*Phillips v. Cty. of Allegheny*,
515 F.3d 224, 234 (3d Cir. 2008)……………………………………………………10

*Shaner v. Horizon Bancorp.*,
116 N.J. 433, 561 A.2d 1130 (N.J. 1989)……………………………………………..4

*Tartaglia v. UBS PaineWebber, Inc.*,
197 N.J. 81, 89 (2008)………………………………………………………………..5

*Young v. Schering Corp.*,
141 N.J. 16, 33 (1995)………………………………………………………………..5

*Woods-Pirozzi v. Nabisco Foods*,
290 N.J. Super. 252, 260 (Sup. Ct. App. Div. 1996)…………………………………7

iv

Plaintiff Charita Easter-Fetor ("Plaintiff"), through her counsel, respectfully submits this Memorandum of Law in Opposition to the Defendant Option Care Health, LLC ("Option") partial motion to dismiss.

## PRELIMINARY STATEMENT

As relevant to this motion, Plaintiff brought Fifth Cause of Action, alleging retaliation in violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. §§ 34:19-1 to 34:19-14; Sixth Cause of Action, alleging unpaid overtime in violation of Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; and Seventh Cause of Action, alleging unpaid overtime in violation of the New Jersey Wage and Hour laws and regulations ("NJWHL").

The Defendant's motion should be denied, because: (i) Plaintiff has identified the specific laws the Defendant violated, and Plaintiff is not prevented from filing lawsuit under both, LAD and CEPA; (ii) CEPA waiver does not apply to a pleading stage, and Plaintiff is allowed to make an educated election of remedies following discovery; (iii) Plaintiff sufficiently pleaded that shortly after and because she engaged in the protected activity, she was subjected to an adverse employment action and ultimately fired from the Defendant; (iv) Complaint sufficiently pleads unpaid overtime claims, enabling the Court to draw the reasonable inference that the Defendant is liable for violations under FLSA and NJWHL.

In sum, Court should deny the Defendant's motion it its entirety.

## STATEMENT OF FACTS

Plaintiff respectfully refers Court to the allegations pleaded in the Complaint.

1

**LEGAL ARGUMENT**

## I.  PLAINTIFF PLEADED SUFFICIENT FACTS TO ESTABLISH CEPA CLAIM

To establish a prima facie CEPA action, a plaintiff must demonstrate that: (1) she reasonably believed that her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) she performed a whistle-blowing activity described in N.J.S.A. § 34:19-3(c); (3) an adverse employment action was taken against her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Lippman v. Ethicon, Inc.*, 222 N.J. 362, 365 (2015).

In this case, Plaintiff alleged that Option violated various laws, including ADA, LAD, FLSA and NJWHL by writing her up for exercising her rights under ADA (¶28 of Compl.), retaliating against Plaintiff for complaining about discrimination via email on December 5, 2023 (¶29 of Compl.), by criticizing Plaintiff for incurring overtime hours (¶35 of Compl.), accusing Plaintiff of scheduling error (¶38 of Compl.), reprimanding Plaintiff for attendance following her mammogram appointment (¶¶40-41 of Compl.), threatening Plaintiff with termination (¶43 of Compl.). In May 2024, Plaintiff complained about ADA discrimination, and nurse manager/nursing supervisor constantly calling Plaintiff for updates during off work-hours, while disallowing compensation at the overtime rate (¶¶45-46 of Compl.). Plaintiff also complained about managers requesting Plaintiff to do clinical work, which Plaintiff was not authorized to do (¶46 of Compl.). In further discrimination and retaliation against Plaintiff: she was questioned about her attendance, despite being protected by ADA (¶48-49 of Compl.); on June 10, 2024, Plaintiff was assigned additional duties with no extra pay or support (¶50 of Compl.); on June 11, 2024, Plaintiff was questioned about clocking out so late, despite Option being grossly understaffed and overwhelmed (¶54 of Compl). On June 14, 2024, Plaintiff engaged in yet another protected activity, by submitting *pro se* complaint to the EEOC (¶56), and complaining about

2

discrimination on July 3, 2024 via email (¶58 of Compl.), but was given a PIP in retaliation against her in October 2024 (¶63 of Compl), and on the eve of her taking a short-term-disability leave, which was known by the Defendant (¶62 of Compl.). Plaintiff hired a lawyer, and following intent-to-sue letter, the Defendant stalled Plaintiff's termination until December 8, 2025, at which point Plaintiff was terminated (¶75 of Compl.).

Accepting the above-referenced allegations as true, giving Plaintiff all reasonable inferences, viewing them in light most favorable to Plaintiff, Plaintiff sufficiently pleaded violation under CEPA.

### A. Plaintiff Has Identified that Defendant Violated the Specific Law

It is well-settled, that a plaintiff "need not show that her employer or another employee actually violated the law or a clear mandate of public policy," as "[t]he goal of CEPA . . . is 'not to make lawyers out of conscientious employees.'" *Dahroug v. Chi. Bridge & Iron Co.*, 2022 U.S. Dist. LEXIS 109338, *9-10 (N.J. Dist. Ct. 2022).

In any event, in her Complaint, Plaintiff sufficiently pleaded that Option engaged in discriminatory practices on the basis of her disability in violation of ADA and LAD, and failed to pay Plaintiff overtime, in violation of FLSA and NJWHL.

Defendant's reliance on *Hitesman v. Bridgeway, Inc.*, 218 N.J. 8, 14 (2014) is misplaced, because in that case, CEPA claim was brought pursuant to improper quality of patient care provision, but was based upon standards set forth in a professional code of ethics, an employee handbook, and the employer's statement of patient rights. Here, Plaintiff does not allege that Option violated employee handbook or employer's statement of patient rights. To the contrary, Plaintiff complained about the Defendant's discrimination/retaliation against Plaintiff on the basis of her disability, and forcing her to work beyond her scheduled work hours, which resulted in unpaid overtime. All of these activities are protected under ADA, LAD, FLSA and NJWHL. Furthermore,

Plaintiff complained about managers requesting Plaintiff to do clinical work, which Plaintiff was not authorized to do (¶46 of Compl.).

Defendant's reliance on *Maw v. Advanced Clinical Communs., Inc.*, 179 N.J. 439, 443 (2004) is likewise misplaced, because in *Maw,* plaintiff was terminated for refusing to execute an employment agreement containing a do-not-compete provision, which clearly does not have public ramifications. In this case, non-compete agreement is not an issue. The issue is the Defendant's unlawful employment discriminatory and labor law practices.

In *Kolb v. Burns*, 320 N.J. Super. 467, 476 (St. Ct. Appl. Div. 1999), cited by the Defendant, Court actually ruled in favor of the employee, reversing summary judgment, and holding that plaintiff established a prima *facie case* of discriminatory retaliation. *Kolb* does not support Option's position, rather Plaintiff's.

Because Plaintiff identified the specific law, court should deny the Defendant's motion.

### B. Defendant's Motion Must Be Denied, Because It Ignores 1990 Amendments to CEPA Allowing Plaintiff to Sue Under Both, CEPA and LAD

The legislative history of the 1990 amendments, which were enacted to overrule a 1989 decision of the New Jersey Supreme Court by expressly providing that jury trials and punitive damages are available under both the LAD and CEPA. *Gares v. Willingboro Twp.*, 90 F.3d 720, 726 (3rd Cir. 1996).

In *Shaner v. Horizon Bancorp.*, 116 N.J. 433, 561 A.2d 1130 (N.J. 1989), the court held that jury trials were unavailable under the LAD because claims for relief from discriminatory conduct were equitable in nature. As noted, the legislature amended both the LAD and the Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:19-1 to -8, the next year to overrule *Shaner* and explicitly to provide for jury trials and damages **under both statutes**. *See* Act of Apr. 16, 1990, ch. 12, 1990 N.J. Sess. Law Serv. 70 (West).

4

Importantly, *N.J.S.A.* 10:5-13 was amended to add common law remedies for an LAD statutory violation: All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute. [*L.* 1990, *c.* 12, § 2.]

In support of its motion, Option relies on *Young v. Schering Corp.*, 141 N.J. 16, 33 (1995), but in that case, the Supreme Court specifically indicated that it was not deciding question relevant to this case: whether contemplating of remedies must be done before or after discovery is complete. As such, *Young* does not support Option's position.

Option also relies on *Tartaglia v. UBS PaineWebber, Inc.*, 197 N.J. 81, 89 (2008), but that case involved a complaint about conflicts of interest, which is not clear mandate of public policy. Furthermore, Court in *Tartaglia* reversed dismissal, and remanded case for further proceedings.

Because the Defendant failed to set forth a legal basis for its motion on this issue, Court should deny the motion in its entirety.

## C. CEPA Waiver Does Not Apply to Pleading Stage

Defendant's motion requests this Court to apply CEPA waiver under N.J.S.A.§34:19-8. Defendant's application must be denied, because Defendant's reliance on CEPA waiver is misplaced. It is well-settled that CEPA waiver does not apply at the pleading stage, and therefore this Court should not dismiss Plaintiff's CEPA claim as duplicative at this early stage of the litigation. See *Nelson v. Indegene, Inc.*, 2025 U.S. Dist. LEXIS 219798, *19 (N.J. Dist. Ct. November 6, 2025).

As Court explained in *Nelson*: In *Young v. Schering Corp.*, the New Jersey Supreme Court held that CEPA's waiver provision—which prevents litigants from pursuing certain non-CEPA claims—"applies only to those causes of action that require a finding of retaliatory conduct that is actionable under CEPA." 141 N.J. 16, 660 A.2d 1153, 1160 (N.J. 1995). To date, the New Jersey

Supreme Court has not construed what the term "institution" means, although it commented in *Young* that the term could be "susceptible of meaning something other than the filing of a complaint" and "could conceivably contemplate an election of remedies with restrictions in which the election is not considered to have been made until discovery is complete." 660 A.2d at 1161. Looking to the New Jersey Supreme Court's commentary in *Young*, the court concluded that "before electing remedies, a plaintiff should have an opportunity to complete discovery." *Id.* at 118. Although the Supreme Court later reversed the Appellate Division's decision in *Maw*, it did so on other grounds. *See* 846 A.2d at 607-08. *See Nelson*.

As such, Court should deny Defendant's motion to dismiss, allow parties conduct discovery, at which point Plaintiff can elect her remedies.

### D. Complaint Sufficiently Establishes the Requisite Causal Connection Between Protected Activity and Adverse Employment Action

A play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario. . . . ' . . . What may appear to be a legitimate justification for a single incident of alleged harassment may look pretextual when viewed in the context of several other incidents. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1083 (3rd Cir. 1996).

In line with *Aman*, focus on Plaintiff's complaint must be based on overall scenario, rather than some of its parts. In her Complaint, Plaintiff alleged that she complained about discrimination on November 3, 2023 (¶29 of Compl.) and May 2024 (¶43 of Compl.). Plaintiff also complained about regional nurse manager and nursing supervisor constantly calling Plaintiff for updates during off-work hours, while disallowing Plaintiff to work overtime hours (¶45 of Compl.). Plaintiff also complained about managers requesting Plaintiff to do clinical work, which she was not authorized to do (¶46 of Compl.). In retaliation against Plaintiff, she was questioned about her attendance

6

(¶49 of Compl.), assigned additional duties without addition pay or support (¶50 of Compl.), criticized for incurring overtime (¶54 of Compl.). On June 14, 2024, Plaintiff filed *pro se* complaint of discrimination with the EEOC (¶56 of Compl.), and continued to complain about discrimination on July 3, 2024 (¶58 of Compl), in retaliation for which she was given a PIP (¶63 of Compl.). While Plaintiff was on a leave of absence related to her disability, she was terminated on December 8, 2025, in further discrimination and retaliation against her (¶80 of Complt.).

Based on foregoing, Plaintiff has sufficiently pleaded that she engaged in the protected activity, which resulted in retaliation against her.

The Defendant relied on law, inapplicable to the case at bar. *See Greaves v. Gap, Inc*., 2013 U.S. Dist. LEXIS 8938, *9 (N.J.D.C. January 23, 2013), cited by the Defendant, where plaintiff raised only issues with respect to himself not having adequate break time. Plaintiff in this case is not raising issues of not having an adequate break time, rather being the victim of unlawful employment discriminatory practices, and unpaid overtime.

*Massarano v. New Jersey Transit*, 400 N.J. Super. 474, 491 (Sup. Ct. App. Div. 2008), cited by the Defendant, is also misplaced, because in that case court did not find that disposal of the documents as public policy violation, which is not at issue here. In this case, Plaintiff alleges nothing about disposal of documents, rather, being scolded for exercising her rights under the ADA, and forced to work in excess of forty (40) hours per week without overtime pay.

The *Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252, 260 (Sup. Ct. App. Div. 1996), cited by the Defendant, did not even involve CEPA claim, and it is unclear what the relevance of this case is.

Defendant's reliance on *Battaglia v. United Parcel Service, Inc*., 214 N.J. 518, 526 (2013) is likewise misplaced, because that case involved an anonymous letter, which made no reference to credit cards or business lunches, and plaintiff's oral complaint was vague. In this case, Plaintiff's

CEPA claim is not based on anonymous letter, but written complaints of discrimination, including a *pro se* complaint to EEOC.

*Klein v. University of Medicine and Dentistry of New Jersey*, 377 N.J. Super. 28, 44 (Sup. Ct. App. Div. 2005), cited by the Defendant is also distinguishable from the case at bar, because it involved simple recommendations, which could potentially improve the safety and efficiency of the Radiology Department, but in essence were disagreements with the internal procedures and priorities of the hospital, and thus not an objectively reasonable belief that public health mandates were violated. In this case, however, overtime and disability accommodation is not a recommendation, it is the law, and therefor *Klein* is inapplicable to the case at bar.

Accepting Plaintiff's allegations as true, Plaintiff has successfully pleaded that she engaged in the protected activity, was subjected to an adverse employment action or otherwise was dissuaded from complaining in the first place, and there is a causal connection between those events. *See Berridge v. Nalco Co.*, 2014 U.S. Dist. LEXIS 11409, *28 (N.J. Dist. Ct. January 30, 2014) (even if the removal from Hess can be viewed as an adverse employment action and/or that Plaintiff has successfully plead a series of occurrences (removal from Hess, placement on a PIP, and termination) that, when viewed together, demonstrate a pattern of antagonism, the temporal proximity of the removal from Hess and the protected leave is relevant to the causation prong of the prima facie of retaliation).

In line with *Hess*, Plaintiff sufficiently pleaded that Option engaged in pattern of antagonism against her, because she opposed its unlawful discriminatory and labor law practices.

8

## II.    PLAINTIFF SUFFICIENTLY PLEADED VIOLATION OF FLSA AND NJWHL

The Third Circuit held that a plaintiff does not have to identify the exact dates and times that she worked overtime. A plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice. *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 243 (3rd Cir. 2013).

In this case, Plaintiff complied with *Davis* requirements, and alleged that on a regular basis, she was required to work additional hours, in excess of forty (40) hours per week, without being compensated at overtime premium rate (¶84 of Compl.). When Plaintiff reported that she worked overtime hours, she was then chastised and criticized for incurring overtime hours, despite no reasonable prudent person could complete the tasks assigned in regularly scheduled work hours (¶85 of Compl.). Plaintiff further alleged that she could not keep up with workload, and often clocked out to finish her work (¶52 of Compl.) If Plaintiff did not clock out, she would then be chastised for incurring overtime (¶53 of Compl.). Plaintiff also alleged that nurse manager/nursing supervisor were constantly calling Plaintiff for updates during off-work hours, while disallowing her formally earn overtime pay (¶45 of Compl.) Plaintiff has thus sufficiently pleaded that the Defendant violated FLSA/NJWHL.

In *Kaynaroglu v. Avis Budget Grp., Inc.*, 773 F. Supp. 3d 169, 183 (N.J. Dist. Ct. March 27, 2025), Court denied motion to dismiss, where plaintiffs alleged that they worked more than 40 hours per week, and held that when read in light most favorable to Plaintiffs, that statement clearly implied they worked 30 hours every week, which was all that was required to survive 12b6 motion. Similarly to *Kaynaroglu*, Plaintiff alleged that she worked in excess of 40 hours per week, and had to clock out in fear of being chastised for incurring overtime (¶¶84,82,52-53,45 of Compl.)

9

The Third Circuit held that instead of requiring a *prima facie* case, the post-*Twombly* pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In this case, Plaintiff no longer has access to Option emails, Teams messages, other data, necessary for her to verify exactly how much overtime she is owed. As a patient scheduler (¶20 of Compl.), Plaintiff often sent emails to nurses beyond scheduled hours, which Plaintiff no longer has access to. Based on the complaint there are enough facts to raise a reasonable expectation that discovery will reveal of Defendant's FLSA violations.

The Third Circuit further held that "evident indifference toward the requirements imposed by the FLSA" is satisfactory to constitute a willful violation. *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991). In this case, based on Plaintiff's allegations, it is obvious that Option did not want to incur expense of overtime, and chastised and criticized Plaintiff for incurring overtime hours, despite no reasonable prudent person could complete the tasks assigned in regularly scheduled work hours (¶85 of Compl.). Plaintiff alleged that she could not keep up with workload, and often clocked out to finish her work (¶52 of Compl.) If Plaintiff did not clock out, she would then be chastised for incurring overtime (¶53 of Compl.).

Accepting Plaintiff's allegations, a true, and drawing all reasonable inferences, Plaintiff sufficiently pleaded that Option's indifferent to paying overtime was evident.

To the extent that Court is inclined to grant to the Defendant's motion, despite the instant opposition, Plaintiff respectfully requests permission to amend her complaint.

**CONCLUSION**

The Defendant's Motion to Dismiss should be denied in its entirety, because Plaintiff sufficiently pleaded protected activity, adverse employment action, and causal connection, and nothing in law prevents Plaintiff from bringing a case under both, CEPA and LAD. After discovery is complete, Plaintiff will be allowed to elect her remedies under CEPA waiver. Plaintiff's FLSA/NJWHL are properly plead, in compliance with the Third Circuit precent. Defendant's motion must be denied, together with any such other, further or different relief as this Court deems just and proper.

Dated: June 1, 2026
    New York, New York

Respectfully submitted,

**AKIN & SALAMAN PLLC**

*/s/ Robert Salaman*

Robert Salaman, Esq.
45 Broadway Suite 1420
New York, New York 10006
Email: Rob@akinlaws.com
*Attorneys for Plaintiff*

11