# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

CHARITA EASTER-FETOR,

        Plaintiff,

    v.

OPTION CARE HEALTH, LLC,

        Defendant.

Civil Action No. 2:26-cv-00702-KSH-CF

**ORAL ARGUMENT REQUESTED**

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN OF THE COMPLAINT

SEYFARTH SHAW LLP
Cameron Smith
Daniel Small
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
casmith@seyfarth.com
dsmall@seyfarth.com

*Attorneys for Defendant*
*Option Care Enterprises, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...............................................................................................................2

I.     THE OPPOSITION DOES NOT CURE PLAINTIFF'S FAILURE TO
       STATE A CEPA CLAIM. .................................................................................2

       A.     Plaintiff Cannot Use Her Opposition to Rewrite the Complaint. .........2

       B.     Plaintiff Still Fails to Identify Any Cognizable Whistleblowing
              Activity. ...............................................................................................3

              1.     Naming statutes does not satisfy CEPA. ...................................3

              2.     Plaintiff's allegations consist merely of internal
                     workplace grievances. ...............................................................4

              3.     CEPA does not convert discrimination claims into
                     whistleblowing claims. ..............................................................6

              4.     The "clinical work" allegation remains deficient. .....................6

       C.     Plaintiff Still Fails to Plead Causation. ...............................................7

       D.     Plaintiff's CEPA Waiver Argument Is Irrelevant. ...............................8

II.    PLAINTIFF'S WAGE CLAIMS REMAIN DEFICIENT. ............................8

       A.     Plaintiff Still Fails to Allege Overtime in Any Workweek. .................8

       B.     Plaintiff's Allegations Undermine Employer Knowledge. ...................9

       C.     Allegations of After-Hours Work Remain Conclusory. .......................9

       D.     Plaintiff's Willfulness Allegations Should Be Dismissed. .................10

III.   LEAVE TO AMEND SHOULD BE DENIED.................................................10

CONCLUSION ...........................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*,
  98 F.4th 463 (3d Cir. 2024) ................................................................................2

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010) .........................................................................10, 11

*Greaves v. Gap, Inc.*,
  No. 11-6283, 2013 WL 257127 (D.N.J. Jan. 23, 2013) .......................................5

*Young v. Schering Corp.*,
  141 N.J. 16 (1995) ..............................................................................................6

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ...............................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................5

## **PRELIMINARY STATEMENT**[1]

Plaintiff's opposition confirms—not cures—the core defects identified in Defendant's motion.  Plaintiff still fails to allege (i) any cognizable whistleblowing activity under the Conscientious Employee Protection Act ("CEPA") or (ii) facts sufficient to support a plausible claim for unpaid overtime under federal or state law.

Rather than remedy those deficiencies, Plaintiff relies on generalized references to statutory frameworks, recharacterizes internal workplace complaints as protected activity, and attempts to recast the allegations through additional legal characterizations and context supplied in her opposition.  Those efforts do not cure the pleading deficiencies identified in Defendant's opening brief.

The Complaint continues to allege, at most, ordinary workplace grievances and conclusory assertions, without facts sufficient to establish protected whistleblowing activity, a causal connection to Plaintiff's termination, or any workweek in which Plaintiff worked uncompensated overtime with her employer's knowledge.  Notably, none of the cases Plaintiff cites involve allegations as generalized and untethered to specific facts as those presented here.  Because those deficiencies remain unchanged, Plaintiff's claims fail as a matter of law and should be dismissed.

---

[1] Abbreviations from Option Care's motion to dismiss papers are incorporated herein.  Option Care's Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint will be cited as "MOL at __."  Plaintiff's Opposition to the instant motion will be cited as "Opp. at __."

## ARGUMENT

**I.    THE OPPOSITION DOES NOT CURE PLAINTIFF'S FAILURE TO STATE A CEPA CLAIM.**

### A.    Plaintiff Cannot Use Her Opposition to Rewrite the Complaint.

Before addressing the substance, Plaintiff's opposition underscores a threshold issue: she attempts to cure pleading deficiencies by advancing new theories and reframing allegations not contained in the Complaint.  That is improper.  It is well-settled that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) (quoting *Pennsylvania Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

Here, Plaintiff's reliance on her opposition brief does not cure the deficiencies in her pleading. While Plaintiff does not introduce materially new factual allegations, she attempts to supply missing elements of her claims through new characterizations and legal theories not supported by the facts alleged in the Complaint. (Opp. at 3–6.)  For example, Plaintiff recasts routine workplace issues—such as workload, discipline, and overtime concerns—as violations of multiple statutory schemes without identifying additional facts tying those allegations to any specific legal violation.  She likewise attempts to elevate her allegation that she was asked to perform "clinical work" into protected whistleblowing activity, despite not alleging in the Complaint any nexus between that conduct and a statute, regulation,

or clear mandate of public policy.  These post hoc legal characterizations, raised for the first time in opposition, cannot amend the Complaint or cure its pleading deficiencies.

**B.    Plaintiff Still Fails to Identify Any Cognizable Whistleblowing Activity.**

**1.    Naming statutes does not satisfy CEPA.**

Plaintiff argues that she has identified "specific laws," including the ADA, LAD, FLSA, and NJWHL.  (Opp. at 1, 3–4.)  But that argument misstates the pleading requirement.

CEPA requires more than a generalized reference to statutes—it requires allegations identifying (i) the specific unlawful conduct and (ii) a substantial nexus to a clear mandate of public policy.  Plaintiff has offered neither. Instead, as pled, the Complaint attempts to repackage allegations regarding routine discipline, workload, and internal HR issues as facts sufficient to state a CEPA claim. Defendant has already shown that these are not CEPA-protected activities.  (MOL at 9–14.)

Plaintiff relies on cases such as *Dahroug* and *Lippman* for the unremarkable proposition that a CEPA plaintiff need not ultimately prove that a law was violated. (Opp. at 2, 3.)  But Defendant does not argue otherwise.  Rather, as explained in its moving brief (MOL at 9–12), Plaintiff must still allege facts identifying the

complained-of conduct and its nexus to a law or public policy, which she has not done.

Plaintiff's reliance on *Dahroug* (Opp. at 3) is misplaced for an additional reason: the plaintiff there identified specific financial practices he believed were improper and tied those practices to alleged misrepresentations to shareholders. Even with those detailed allegations, the court granted summary judgment for the employer. By contrast, here Plaintiff alleges no comparable misconduct whatsoever.

Plaintiff's opposition does not cure these defects. Notably, Plaintiff does not address Defendant's argument that her allegations fail to identify any clear mandate of public policy or substantial nexus to a specific law, as CEPA requires. (MOL at 9–12.) That omission is telling. Indeed, her reliance on generalized principles— rather than identifying any specific unlawful conduct—only underscores the absence of a viable CEPA theory.

### 2. Plaintiff's allegations consist merely of internal workplace grievances.

Plaintiff's allegations—complaints about workload, attendance discipline, scheduling issues, and management conduct—are paradigmatic internal workplace grievances. Courts have repeatedly held that such complaints do not constitute CEPA-protected whistleblowing. (MOL at 11–13.) Plaintiff's attempt to relabel those same allegations as unlawful conduct (Opp. at 6–8) does not transform them into protected activity.

Moreover, Plaintiff's argument that Defendant's authorities are "distinguishable" (Opp. at 7–8) ignores the applicable pleading standard. At the Rule 12(b)(6) stage, the issue is whether Plaintiff's factual allegations are insufficiently specific and plausible to state a claim. The cases Defendant cites uniformly hold that internal workplace grievances—such as those alleged here—do not constitute CEPA-protected activity.

The cases Plaintiff relies on uniformly involve employees identifying concrete unlawful practices—such as financial misrepresentation, regulatory violations, or fraudulent conduct—not generalized dissatisfaction with job duties or workplace management. Plaintiff alleges only the latter.

In *Nelson* (Opp. at 5), the plaintiff alleged a detailed whistleblowing theory involving alleged financial misconduct and improper business practices, supported by specific factual allegations concerning a significant corporate transaction. By contrast, Plaintiff here alleges only generalized workplace complaints regarding workload, discipline, and compensation, without any comparable nexus to fraud, illegality, or public harm.

Indeed, courts routinely reject CEPA claims based on complaints about workload, scheduling, or internal treatment as "essentially private in nature." *See, e.g.*, *Greaves v. Gap, Inc.*, No. 11-6283, 2013 WL 257127, at *4 (D.N.J. Jan. 23, 2013). As explained in Defendant's opening brief (MOL at 10–12), Plaintiff's

allegations fall squarely within that category and therefore cannot support a CEPA claim as a matter of law.

### 3. CEPA does not convert discrimination claims into whistleblowing claims.

Plaintiff's CEPA theory depends entirely on recasting her discrimination complaints as whistleblowing. (Opp. at 1–2.) That fails as a matter of law.

Plaintiff's reliance on legislative history and cases discussing the availability of remedies under both CEPA and LAD (Opp. at 4–5) misses the point. Defendant does not argue that CEPA is categorically unavailable where LAD claims are asserted. Rather, Plaintiff has failed to plead the elements of a CEPA claim in the first instance. Whether CEPA and LAD may coexist is therefore irrelevant where no CEPA claim has been plausibly alleged. *See Young v. Schering Corp.*, 141 N.J. 16, 29–30 (1995).

CEPA does not provide a duplicative remedy for alleged discrimination or retaliation that is already addressed by the LAD and ADA. As Defendant explained (MOL at 16–17), CEPA requires a distinct disclosure of unlawful conduct with public ramifications. Plaintiff alleges none.

### 4. The "clinical work" allegation remains deficient.

Plaintiff also emphasizes her allegation that she was asked to perform "clinical work" outside her role. (Opp. at 6–7; Compl. ¶ 46.) But even as pled, that allegation remains insufficient to state a CEPA claim. As explained in Defendant's opening

6

brief, CEPA requires allegations identifying a specific statutory or public-policy violation and a nexus to unlawful conduct. (MOL at 9–12.) Plaintiff does not identify any statute, regulation, or clear mandate of public policy implicated by that conduct, nor does she allege facts establishing such a nexus. At most, this allegation reflects a disagreement over job responsibilities—not protected whistleblowing under CEPA.

### C. Plaintiff Still Fails to Plead Causation.

Plaintiff now contends that she has alleged a causal connection based on a "pattern of antagonism." (Opp. at 6–8.) But this argument ignores the timeline pled in the Complaint itself, namely that Plaintiff made covered complaints in 2023 and mid-2024, yet Plaintiff's employment was not terminated until December 2025. That substantial temporal gap defeats any inference of causation. (MOL at 14–16.)

Plaintiff's invocation of a generalized "overall scenario" (Opp. at 6) cannot substitute for factual allegations linking any protected activity to her termination. Nor does she address the intervening facts in her own pleading, including extended leave and performance-related issues.

Additionally, Plaintiff's reliance on *Aman* (Opp. at 6) is readily distinguishable. That case addressed the evidentiary standard for analyzing discrimination claims at summary judgment—not the pleading requirements for a

CEPA claim. It does not excuse the absence of factual allegations establishing protected whistleblowing activity or causation under CEPA.

In the absence of non-conclusory allegations tying her termination to protected activity, her CEPA claim fails as a matter of law.

### D. Plaintiff's CEPA Waiver Argument Is Irrelevant.

Plaintiff's reliance on *Nelson* (Opp. at 5) is unavailing. Even assuming arguendo that CEPA's waiver provision is not enforced at the pleading stage, that does nothing to cure Plaintiff's failure to plead any actionable whistleblowing activity.

## II. PLAINTIFF'S WAGE CLAIMS REMAIN DEFICIENT.

### A. Plaintiff Still Fails to Allege Overtime in Any Workweek.

Plaintiff's reliance on *Davis* (Opp. at 9) overstates that decision. *Davis* does not relieve a plaintiff of the obligation to plead facts supporting a plausible inference of overtime work; it simply clarifies that exact dates are not required. Here, Plaintiff alleges **no** facts from which such an inference can be drawn. Her assertions that she "often" worked after clocking out or "regularly" worked overtime are precisely the type of conclusory allegations courts reject.

Plaintiff's reliance on *Kaynaroglu* (Opp. at 9) is likewise misplaced. There, the plaintiffs alleged facts permitting a clear inference of overtime work. Here, by contrast, Plaintiff pleads no workweek, no estimate of hours, and no facts tying alleged after-hours work to any week exceeding forty hours.

8

Even the cases Plaintiff relies upon require factual allegations from which the Court can reasonably infer that overtime work in excess of forty hours in a given week. Plaintiff alleges no such facts here.

Instead, she relies on generalized assertions that she "regularly" worked overtime or "often" completed work off-the-clock. (Opp. at 9.) Courts routinely dismiss such allegations as insufficient. (MOL at 18–20.)

### B. Plaintiff's Allegations Undermine Employer Knowledge.

Yet again, Plaintiff's own allegations independently defeat her claim. She asserts that she "clocked out to finish her work" **while being discouraged from incurring overtime**, and then continued working. (Opp. at 9.)

Notably, Plaintiff does not respond to Defendant's argument that her own allegations—that she was told ***not*** to work overtime and clocked out before performing additional work—defeat any inference of employer knowledge. (MOL at 20–21.) But to state an FLSA claim, Plaintiff must allege that Defendant knew or should have known of unpaid overtime. (*Id.*) Her own allegations—and failure to respond to Defendant's argument on this very point—are fatal to her claim.

### C. Allegations of After-Hours Work Remain Conclusory.

Plaintiff also relies on allegations of after-hours communications. (Opp. at 9–10.) But she still does not allege that such communications caused her to exceed forty hours in any identifiable week, nor that Defendant knew she was performing

9

uncompensated work during those times.  Courts repeatedly reject such conclusory allegations at the pleading stage.  (MOL at 20–21.)

### D.   Plaintiff's Willfulness Allegations Should Be Dismissed.

Finally, Plaintiff asserts that Defendant acted "willful[ly]."  (Opp. at 10.)  But she provides no factual support for that conclusion.

As Defendant explained (MOL at 21), conclusory allegations of willfulness are insufficient under *Iqbal*.  Plaintiff's opposition adds no facts that would permit a plausible inference of knowing or reckless conduct.  Accordingly, at a minimum, her willfulness allegations must be dismissed.

## III.   LEAVE TO AMEND SHOULD BE DENIED.

Plaintiff requests leave to amend in the alternative.  (Opp. at 10.)  That request should be denied because amendment would be futile.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (amendment is futile where the amended complaint would fail to state a claim).

Plaintiff has already pled the "full scope" of her allegations, including her complaints, her workload, and her termination.  The deficiencies identified here are not technical—they reflect the absence of a viable legal theory.  Amendment would not cure those defects, as Plaintiff relies on the same underlying facts and merely recasts them as statutory violations.  Courts routinely deny leave to amend in such

10

circumstances where amendment would do no more than repackage deficient claims.

*See Great W. Mining*, 615 F.3d at 175.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendant's opening brief, Defendant respectfully requests that the Court grant its motion to dismiss Counts Five, Six, and Seven of the Complaint. At a minimum, the Court should dismiss Plaintiff's CEPA claim and her conclusory willfulness allegations, and decline to permit Plaintiff to proceed on claims that remain unsupported under Rule 8.

Dated:  June 8, 2026                                    Respectfully submitted,

By:  */s/ Daniel I. Small*
    Cameron A. Smith
    Daniel I. Small
    SEYFARTH SHAW LLP
    620 Eighth Avenue Street,
    New York, NY  10018-1405
    (212) 218-6480
    casmith@seyfarth.com
    dsmall@seyfarth.com

*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, a true and correct copy of DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN OF THE COMPLAINT was electronically filed with the Clerk of the District Court, and served electronically upon the following counsel via the Court's C/M ECF System:

> Robert Salaman, Esq.
> Olena Tatura, Esq.
> AKIN & SALAMAN
> 45 Broadway, Suite 1420
> New York, New York 10006
> (212) 825-1400
> rob@akinlaws.com
> olena@akinlaws.com
>
> *Attorneys for Plaintiff*

/s/ Daniel I. Small
Daniel I. Small

12

326291875v.11