**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHARITA EASTER-FETOR,

      Plaintiff,

    v.

OPTION CARE HEALTH, LLC,

      Defendant.

Civil Action No.: 2:26-cv-00702-KSH-CF

**JOINT PROPOSED DISCOVERY PLAN**

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Robert Salaman, Akin & Salaman, 45 Broadway, Suite 1420, New York, NY 10006, on behalf of Plaintiff.  Cameron Smith and Daniel Small, Seyfarth Shaw LLP, 620 8th Ave #32, New York, NY 10018, 212-218-5500, on behalf of Defendant.

2.    Set forth a brief description of the case, including the causes of action and defenses asserted.

This is an employment action in which Plaintiff asserts claims under the ADA and NJLAD (discrimination, failure to accommodate, and retaliation), CEPA (whistleblower retaliation), and the FLSA and NJWHL (alleged unpaid overtime). Defendant denies all liability.

3.    Have settlement discussions taken place?  Yes _X___     No ____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $__$300,000_____
        (2)    Non-monetary demand: ____N/A_____

    (b)    What was defendant's last offer?

        (1)    Monetary offer:  $____N/A_____
        (2)    Non-monetary offer: ___N/A_____

4.    The parties [have __X___     have not ____] met pursuant to Fed. R. Civ. P. 26(f):

5.    The parties [have ____     have not _X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.  The parties will exchange shortly pursuant to agreed schedule.

326911016v.4

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1) N/A_____

7. The parties [have _____ have not __X__] filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

8. The parties [have _____ have not __X__] conducted discovery other than the above disclosures.  If so, describe.

9. Proposed discovery plan:

 (a) Discovery is needed on the following subjects:

  Plaintiff's employment, job duties, and performance; Plaintiff's internal complaints and alleged protected activity; Defendant's performance management and disciplinary actions, including the performance improvement plan; Plaintiff's requests for leave and accommodation and Defendant's response; communications among Plaintiff, supervisors, and Human Resources; Plaintiff's separation from employment; Plaintiff's alleged damages and mitigation efforts; and Plaintiff's claims for unpaid overtime, including timekeeping practices, hours worked, and employer knowledge of any alleged off-the-clock work.

 (b) Discovery [should _____ should not ___] be conducted in phases or be limited to particular issues.  Explain.

  Plaintiff believes no phasing is necessary.  Defendant believes discovery should be phased while the partial motion to dismiss is pending.  The parties will seek the Court's guidance during the initial conference.

 (c) Proposed schedule:

  (1) Service of Fed. R. Civ. P. 26 initial disclosures by __7/31/2026___.

  (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) to be held by _8/14/2026_____.

  (3) Service of initial written discovery requests by _8/31/2026_____.

  (4) Maximum of _25____ Interrogatories by each party to each other party.

  (5) Maximum of __5___ depositions to be taken by each party.

  (6) Motions to amend or to add parties to be filed by _8/31/2026_____.

  (7) Factual discovery to be completed by _2/26/2027_____.

  (8) Plaintiff's expert report due on __3/31/2027_____.

  (9) Defendant's expert report due on _4/30/2027_____.

2

(10)   Expert discovery, including all expert depositions, to be completed by __5/28/2027_____.

(11)   Dispositive motions to be served within __60___ days of completion of __fact__ discovery.

(12)   Set forth any special discovery mechanism or procedure requested. N/A

10.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes _____    No _X__
If so, please explain.

11.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____    No _X____

If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.  _N/A

12.   Do you anticipate entry of a Discovery Confidentiality Order?  See L.Civ.R. 5.3(b) and Appendix S.  Yes

13.   Do you anticipate any discovery problem(s) not listed above?  Describe.
Yes _____    No _X____

14.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). Yes as to mediation following the resolution of Defendant's pending partial motion to dismiss and limited, targeted discovery.

15.   Is this case appropriate for bifurcation?  Yes _____    No _X____

An interim status/settlement conference (with clients in attendance), should be held in An interim status or settlement conference may be helpful following the close of fact discovery or after the Court rules on any dispositive motions.

16.   We [do _____    do not _X___] consent to the trial being conducted by a Magistrate Judge.

17.   Identify any other issues to address at the Rule 16 Scheduling Conference. N/A

__/s/ Robert Salaman__      7/7/2026_____
Attorney(s) for Plaintiff(s) / Date

3

326911016v.4

___/s/ Cameron Smith___      7/7/2026_____
Attorney(s) for Defendant(s) / Date

4

326911016v.4